FILED
CLERK, U.S. DISTRICT COURT
MAY 25 2016
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FRANK ERICKSON, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, ROBERT C. OWEN and KENNETH S. ORD,

Defendants.

Case No. CV 13-7466-GHK (PJWx)

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

This is a securities-fraud case filed against Defendant Corinthian Colleges, Inc. ("Corinthian") and Individual Defendants Jack D. Massimino, Kenneth S. Ord, and Robert C. Owen (collectively, "Defendants"). On May 4, 2015, Corinthian filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware in *In re Corinthian Colleges, Inc., et al.*, Case No. 15-10952 (KJC) (the "Bankruptcy Action"). On November 20, 2015, Plaintiff Frank Erickson filed a motion for preliminary approval of a putative class action settlement with the Individual Defendants. On February 18, 2016, the Court granted Lead Counsel 45 days to locate a new class representative. Plaintiff Jeramey Lynch has moved for appointment as lead plaintiff and class representative, and he satisfies the requirements of 15 U.S.C. § 78u-4(a)(3) and Federal Rule of Civil Procedure ("Rule") 23.

Plaintiff Lynch and the Individual Defendants (together, the "Settling Parties") now move under Rule 23(e) for an order preliminarily approving the Settlement of this Action, in accordance with a Second Amended Stipulation of Settlement dated April 4, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against Defendants with prejudice.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

2. Plaintiff Jeramey Lynch is hereby appointed Lead Plaintiff in place of Frank Erickson.

3. The Court has reviewed the Stipulation and hereby preliminarily concludes that the Settlement set forth therein is within the realm of being fair, reasonable, and adequate.

4. Pursuant to Rule 23, the Court preliminarily certifies, for purposes of settlement only, the following Class:

- All persons who purchased or otherwise acquired the common stock of Corinthian Colleges, Inc. ("Corinthian") from August 23, 2010 through April 14, 2015, both dates inclusive (the "Class Period").

Excluded from the Class are:

(a) Persons or entities who submit valid and timely requests for exclusion from the Class; and

(b) Defendants, all current and former directors and officers of Corinthian during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

5. The Court preliminarily finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Lead Plaintiff are typical of the claims of the Class, and Lead Plaintiff will fairly and adequately protect the interest of the Class. Moreover, common questions of law or fact predominate over any questions affecting only individual Class Members, and the class action device is superior to other available methods for fairly and efficiently adjudicating this controversy.

6. A hearing (the "Settlement Hearing") shall be held before this Court on **Monday, October 31, 2016** at **9:30 a.m.** at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Courtroom 650, Los Angeles, CA 90012, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation

should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel and Lead Plaintiff for their service to the Class; to hear any objections by Class Members to the Settlement, Stipulation, Plan of Allocation, costs of claims administration, or any award of fees and expenses to Lead Counsel or to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

7. The Settling Parties shall use reasonable efforts, acting in good faith, to obtain an order in the Bankruptcy Action authorizing payment of the Settlement Amount ("Bankruptcy Authorization Order"). If the Bankruptcy Authorization Order has not been entered one hundred (100) days before the Settlement Hearing, then within four (4) days thereafter, the Settling Parties shall notify the Court and move for a continuance of the Settlement Hearing and the related dates and deadlines set forth herein.

8. The Court appoints, for settlement purposes only, the firm of Garden City Group, LLC (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Individual Defendants shall cooperate reasonably and in good faith in providing documents and information to assist Plaintiff in identifying Class Members;

(b) No later than twenty-five (25) days after the entry of the Bankruptcy Authorization Order (the "Notice Date"), Lead Counsel or the Claims Administrator shall cause a copy of the Notice of Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits B and D of the Stipulation, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website;

(c) By the Notice Date, the Claims Administrator shall cause the Publication Notice, substantially in the forms annexed as Exhibit C of the Stipulation, to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Within thirty (30) days after the Notice Date, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9. Nominees who purchased or acquired Corinthian securities for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim to such beneficial owners of Corinthian securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

10. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement, the application for a Fee and Expense Award for Lead Counsel, a Compensatory Award for Lead Plaintiff, and an award of Claims Administrator costs, and the Plan of Allocation meet the requirements of due process and Rule 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995. The notice program constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11. All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund as set forth in ¶¶ 2.6–2.8 of the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

12. All Class Members (except Persons who request exclusion pursuant to ¶ 16 below) shall be bound by all determinations and judgments in the Action concerning the Settlement—including but not limited to the releases provided for therein, whether favorable or unfavorable to the Class—regardless of whether such Persons seek or obtain,

by any means including without limitation by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than **Monday, November 7, 2016**. Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. Plaintiff's Counsel shall not incur any liability for declining to accept any late-submitted claim.

14. The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; (iv) it must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) it must be signed under penalty of perjury.

15. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of choice. Class Members who do not enter an appearance will be represented by Lead Counsel.

16. Any Class Member may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than sixty (60) days after the Notice Date. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of Corinthian common stock between August 23, 2010 through April 14, 2015 (both dates inclusive), including the dates, the number of Corinthian securities purchased, acquired or sold, and the price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

17. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than seven (7) days before the Settlement Hearing.

18. Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the requested Claims Administrator costs should not be approved, or why a Fee and Expense Award or Compensatory Award should not be granted; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the proposed Settlement (or, if approved, the Judgment to be entered thereon), order approving the Plan of Allocation, order approving the

requested Claims Administrator costs, or any Fee and Expense Award or Compensatory Award, unless written objections and copies of any papers and briefs are filed directly with the Court and mailed to Lead Counsel and Defendants' Counsel, at the addresses set forth below, no later than sixty (60) days after the Notice Date:

a. **Lead Counsel**: Pomerantz LLP, Jeremy A. Lieberman, 600 Third Ave., 20th Floor, New York, NY 10016.

b. **Defendants' Counsel**: Munger Tolles & Olson LLP, John W. Spiegel, 355 South Grand Ave., 35th Floor, Los Angeles, CA 90071-1560.

19. Any member of the Class who does not make his, her, or its objection in the manner provided shall have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, the Plan of Allocation, the order approving Claims Administrator costs, the Fee and Expense Award, or the Compensatory Award, unless otherwise ordered by the Court.

20. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, the requested Claims Administrator costs, or the granting of a Fee and Expense Award or Compensatory Award are required to state in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

21. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

22. All papers in support of the Settlement shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing, and any reply papers shall

be filed and served no later than fourteen (14) calendar days before the Settlement Hearing.

23. Lead Counsel shall file its papers in support of the Plan of Allocation, Lead Counsel's Fee and Expense Award, Lead Plaintiff's Compensatory Award, and the requested Claims Administrator costs within thirty (30) days of the Notice Date. The Released Parties shall have no responsibility for the Plan of Allocation or any application for a Fee and Expense Award, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

24. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any application for a Fee and Expense Award, Compensatory Award, or award of Claims Administrator costs proposed by Lead Counsel should be approved.

25. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

26. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Parties or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with a proceeding to enforce the terms of the Stipulation. The Released Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation and/or the Judgment in any

action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27. All proceedings in the Action are stayed. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

28. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set earlier than the time and date set forth above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: 5/25/16

HON. GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE