NOV - 9 2016

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ERICKSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., JACK P. MASSIMINO, ROBERT C. OWEN and KENNETH S. ORD,<br><br>Defendants. | Case No. CV 13-7466-GHK (PJWx)<br><br>**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL** |

This is a securities-fraud case filed against Defendants Corinthian Colleges, Inc. and Individual Defendants Jack P. Massimino, Robert C. Owen, and Kenneth S. Ord. On May 4, 2015, Corinthian Colleges, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware in *In re Corinthian Colleges, Inc., et al.*, Case No. 15-10952 (KJC). Shortly thereafter, Lead Plaintiff Jeramey Lynch and the Individual Defendants reached a settlement for a putative class action. We granted preliminary approval of the settlement on May 25, 2016. Currently before us are Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation, (Dkt. 103), and Motion for Award of Attorneys' Fees and Expenses, Lead Plaintiff Award, and Claims Administration Costs, (Dkt. 105). Having reviewed the motions and all other related documents, and having heard the argument of counsel for the respective parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Final Judgment and Order incorporates by reference the definitions in the Second Amended Stipulation of Settlement dated April 4, 2016 (the "Stipulation"). All capitalized terms used in this Order shall have the same meaning as in the Stipulation unless indicated otherwise.

2. The Court has jurisdiction over the Parties to this Action, including all members of the Class as defined in the Stipulation.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for purposes of settlement only, the following Class:

> All persons who purchased or otherwise acquired the common stock of Corinthian Colleges, Inc. from August 23, 2010 through April 14, 2015, both dates inclusive.

Excluded from the Class are:
> (a) Persons or entities who submit valid and timely requests for exclusion from the Class no later than December 16, 2016; and

(b) Defendants, all current and former directors and officers of Corinthian Colleges, Inc. during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

4. For the purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

(a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable;

(b) there are questions of law and fact common to the Class that predominate over any individual question;

(c) the claims of Lead Plaintiff are typical of the claims of the Class;

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of Class Members; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (ii) the interests of the Class Members in individually controlling the prosecution of separate actions; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court finds the Stipulation and Settlement, including the Plan of Allocation, are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23 as to each of the Settling Parties.

6. The Stipulation and Settlement, including the Plan of Allocation, are hereby finally approved in all respects. We authorize and direct implementation of all the terms and provisions of the Stipulation.

7.    The Court hereby DISMISSES WITH PREJUDICE the Action and all claims contained therein and all of the Settled Claims as against the Released Parties, except as and to the extent provided in the Stipulation and herein.

8.    Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff, each and all of the Class Members, and anyone claiming through or on behalf of any of them, including but not limited to their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, remised, released, relinquished, and discharged all Settled Claims (including, without limitation, Unknown Claims) against the Released Parties—regardless of whether such Class Member executes and delivers the Proof of Claim and Release.

9.    Upon the Effective Date, Lead Plaintiff, each and all of the Class Members and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to be, and by operation of this Judgment shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States or not), any and all Settled Claims (including, without limitation, Unknown Claims) against any of the Released Parties—regardless of whether such Class Member executes and delivers the Proof of Claim and Release—as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Settled Claims against the Released Parties, Lead Plaintiff, or Lead Counsel, except for claims relating to the enforcement of the

Settlement, or any confidentiality agreement to which the Settling Parties have entered or may enter into in connection with the Action.

10. The Court has determined that the notice given to the Class constituted the best practicable notice to all Persons entitled to such notice, including the individual notice to all members of the Class who could be identified through reasonable effort.  The notice fully meets the requirements of Federal Rules of Civil Procedure 23; the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; and all applicable constitutional requirements.

11. Corinthian Colleges, Inc. and the Individual Defendants deny any wrongdoing whatsoever.  Neither this Judgment, the Stipulation of Settlement, any document referred to herein, nor any action taken to carry out the terms of the Settlement may be construed as, or may be used as, an admission by or against, or evidence by or against, Defendants, Lead Plaintiff, any member of the Class, or any other Person, of any fault, wrongdoing, or liability whatsoever.  Nor may they be construed as, or may be used as, an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

12. The Released Parties, Lead Plaintiff, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

13. The Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation without further order of the Court.

14. Any further orders or proceedings solely regarding the Plan of Allocation or any application for a Fee and Expense Award or Compensatory Award shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund (or any portion thereof) is returned to Defendants, then this Judgment shall be vacated and rendered null and void, in accordance with the Stipulation. In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. The deadline for filing claims in the Settlement is extended from November 7, 2016 to December 16, 2016.

18. The Court hereby directs payment of up to $450,000 from the Settlement Fund to Garden City Group, LLC (the "Claims Administrator"), as provided for in the Stipulation.

19. The Court grants Lead Counsel an award of attorney's fees in the amount of $980,000 (reflecting 28% of the Settlement) and reimbursement for litigation expenses in the amount of $72,499.47, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement fund until paid. This award is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar

cases, the contingent nature of the representation, and the results obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

20. The Court hereby grants an award of $3,000 to Lead Plaintiff Jeramey Lynch. The Court finds that Lead Plaintiff has adequately represented the Class and that this award is fair and reasonable in light of the factors specified in *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).

21. The amounts awarded shall be paid to Lead Counsel and Lead Plaintiff from the Settlement Fund immediately after the entry of this Order, subject to the terms and conditions of the Stipulation.

22. This Court hereby orders that, without affecting the finality of the final Judgment, it reserves continuing jurisdiction over the matter and the Settling Parties to the Action, including all Class Members, for the purposes of implementing, enforcing, and/or administering the Settlement or enforcing the terms of the Judgment.

23. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 11/9/16

HON. GEORGE H. KING
UNITED STATES DISTRICT JUDGE